# IN THE UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL THOMAS WALLACE,<br><br>Plaintiff,<br><br>v.<br><br>STEWART SHERMAN, et al.,<br><br>Defendants. | Case No. 1:20-cv-00213-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING PLAINTIFF'S COMPLAINT BE DISMISSED WITH PREJUDICE FOR FAILURE TO STATE A CLAIM<br><br>(ECF No. 8)<br><br>TWENTY-ONE (21) DAY DEADLINE<br><br>ORDER DIRECTING CLERK TO ASSIGN DISTRICT JUDGE |

Darryl Thomas Wallace ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.  Plaintiff filed the complaint commencing this action on February 11, 2020, alleging various claims related to leaks at California Substance Abuse Treatment Facility and State Prison at Corcoran ("SATF").  (ECF No. 1).  On June 4, 2020, the Court screened Plaintiff's complaint and found it failed to state any cognizable claims. (ECF No. 7). On July 14, 2020, Plaintiff filed a first amended complaint, which is now before the Court for screening. (ECF No. 8).

The Court has reviewed that FAC and recommends dismissing the FAC without further leave to amend.  Plaintiff may file objections to these findings and recommendations within twenty-one days of the date of service of this order, which will be reviewed by the district judge.

\\\

1

## I. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). As Plaintiff is proceeding *in forma pauperis* (ECF No. 9), the Court may also screen the complaint under 28 U.S.C. § 1915. "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard. *Id.* at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Additionally, a plaintiff's legal conclusions are not accepted as true. *Iqbal*, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after *Iqbal*).

## II. SUMMARY OF PLAINTIFF'S COMPLAINT

At the outset, it appears Plaintiff intends to refer to his original complaint in his first amended complaint, for his first amended complaint does not make sense without reading his

2

original.[1] Nevertheless, for completeness and to avoid any possible need to provide leave to amend to combine the original complaint and first amended complaint, the Court will screen the first amended complaint as if it were a supplemental complaint.

### A.     Summary of Complaint

Plaintiff brings this action against defendants Warden Stewart Sherman, Assistant Warden M. Hacker, C-Yard Captain A. Williams, and Plant Operations Maintenance Worker R. Milam, each of the California Substance Abuse Treatment Facility and State Prison at Corcoran ("SATF").

Plaintiff alleges that for years CDCR personnel knew that the roof at SATF was leaking water during rainy seasons, which caused the inhabitants there to have to endure extremely cold temperatures and extremely dangerous living conditions due to the massive flooding inside the cells. The floods caused hard water stains, mold, and varying degrees of physical injuries, such as slip and falls, throughout various institutions. Plaintiff alleges that each defendant knew of the conditions and failed to reasonably respond and take appropriate measures to remedy the conditions.

On February 9, 2019, at approximately 6:30 a.m., Plaintiff went to the latrine. But despite his attempts to remedy the flooding situation with towels or personal linen to soak up the water, there was a big puddle he slipped and fell in. He hit the floor with a thud and he went to an outside hospital.

He alleges Defendant Steward "et al." are personally responsible because they were allocated $60 million in the state budget to specifically make these types of repairs. He cites to U.S. District Court, Northern District of California case 4:94-cv-2307, Document 2726, page 17, which he alleges is a joint case status statement.

Plaintiff alleges he was injured by having to endure extremely cold weather and he had a head injury from his slip-and-fall.

///

---

[1] In its screening order, the Court stated that "Plaintiff is advised that an amended complaint supersedes the original complaint, Lacey v. Maricopa County, 693 F 3d. 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be complete in itself without reference to the prior or superseded pleading, Local Rule 220." (ECF No. 7, at 9).

**B.     Summary of First Amended Complaint**

Defendant Sherman did not make sure the prison was properly maintained by its staff. He did not make sure the roof was repaired despite having full knowledge that the roofs would leak during the rainy season, causing serious hazards and floods, as well as injuries. CDCR had received a monetary disposition to have the specific repairs made.

Plaintiff "as well as multiple other inmates have been forced to live in & ensure these cruel & unusual living conditions also dangerous which is a clear violation of my 8th amendment" rights.

Defendant Williams is captain of the C-Yard, which is where Plaintiff was housed at when the incident occurred. He was aware of the leaking roof. Plaintiff sent Captain Williams a request for someone to fix the roof. Defendant Williams "simply replied that she was aware of the leaks & there was no time frame or date when the repairs would be made."

Defendant Milam was aware of the roofs because Plaintiff sent a 22 form to him asking plaint ops to fix the roof. Plant ops replied that he would have until the middle of the year for the repairs to occur.

The correctional officers and staff working on February 9, 2019, were "under color, under the associate warden M. Hacker watch & when the incident was bought to his attention, A/W M. Hacker failed to enforce proper procedure."

**III.     ANALYSIS OF PLAINTIFF'S CLAIMS**

**A.     Section 1983**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490

U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)); *see also Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 618 (1979); *Hall v. City of Los Angeles*, 697 F.3d 1059, 1068 (9th Cir. 2012); *Crowley v. Nevada*, 678 F.3d 730, 734 (9th Cir. 2012); *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *see also Marsh v. Cnty. of San Diego*, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" *Preschooler II v. Clark Cnty. Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." *Preschooler II*, 479 F.3d at 1183 (quoting *Johnson*, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." *Arnold v. Int'l Bus. Mach. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981); *see also Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008).

**B.     Evaluation of Plaintiff's Claim Regarding Conditions of Confinement**

"It is undisputed that the treatment a prisoner receives in prison and the conditions under which [the prisoner] is confined are subject to scrutiny under the Eighth Amendment." *Helling v. McKinney*, 509 U.S. 25, 31 (1993); *see also Farmer v. Brennan*, 511 U.S. 825, 832 (1994). Conditions of confinement may, consistent with the Constitution, be restrictive and harsh. *See Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006); *Osolinski v. Kane*, 92 F.3d 934, 937 (9th Cir. 1996); *Jordan v. Gardner*, 986 F.2d 1521, 1531 (9th Cir. 1993) (*en banc*). Prison officials must, however, provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." *Toussaint v. McCarthy*,

801 F.2d 1080, 1107 (9th Cir. 1986), *abrogated in part on other grounds by Sandin v. Connor*, 515 U.S. 472 (1995); *see also Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000); *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir. 1982); *Wright v. Rushen*, 642 F.2d 1129, 1132-33 (9th Cir. 1981).

Two requirements must be met to show an Eighth Amendment violation. *Farmer,* 511 U.S. at 834. "First, the deprivation must be, objectively, sufficiently serious." *Id.* (internal quotation marks and citation omitted). Second, "prison officials must have a sufficiently culpable state of mind," which for conditions of confinement claims, "is one of deliberate indifference." *Id.* (internal quotation marks and citation omitted). Prison officials act with deliberate indifference when they know of and disregard an excessive risk to inmate health or safety. *Id.* at 837. The circumstances, nature, and duration of the deprivations are critical in determining whether the conditions complained of are grave enough to form the basis of a viable Eighth Amendment claim. *Johnson v. Lewis,* 217 F.3d 726, 731 (9th Cir. 2006). Mere negligence on the part of a prison official is not sufficient to establish liability, but rather, the official's conduct must have been wanton. *Farmer,* 511 U.S. at 835; *Frost v. Agnos,* 152 F.3d 1124, 1128 (9th Cir. 1998).

In the Ninth Circuit, a slip-and-fall claim is not cognizable unless there are exacerbating conditions. As a court in this district stated in *Coleman v. Frauenheim*:

> Under the Eighth Amendment, "slippery prison floors...do not state even an arguable claim for cruel and unusual punishment." *LeMaire v. Maass*, 12 F.3d 1444, 1457 (9th Cir. 1993) (quotation omitted). Indeed, federal courts have repeatedly rejected Eighth Amendment slip and fall claims. *See Oubichon v. Carey*, 2017 WL 2162940, at *8 (E.D. Cal. May 17, 2017) (citing *Coleman v. Sweetin*, 745 F.3d 756, 764 & n.7 (5th Cir. 2014) (collecting cases); *Pyles v. Fahim*, 771 F.3d 403, 410 & n.25 (7th Cir. 2014) (collecting cases) ("Federal courts consistently have adopted the view that slippery surfaces and shower floors in prisons, without more, cannot constitute a hazardous condition of confinement.") ); *see also Collier v. Garcia*, 2018 WL 659014, at *2 (N.D. Cal. Jan. 31, 2018) (dismissing § 1983 claim alleging prisoner slipped and fell in his cell in a puddle of water from a leaking chase); *Aaronian v. Fresno Cty. Jail*, 2010 WL 5232969, at *2–*3 (E.D. Cal. 2010) (dismissing § 1983 claim that plumbing leak caused puddle, resulting in plaintiff's slip and fall, as not cognizable); *Gilman v. Woodford*, 2006 WL 1049739 (E.D. Cal. April 20, 2006) (granting qualified immunity to defendants when prisoner slipped and fell in

> puddle of water resulting from leaky roof known to defendants), *aff'd by* 2008 WL 686740 (9th Cir. March 12, 2008) (unpublished memorandum disposition). Therefore, in order state a cognizable claim for relief, there must be a confluence of exacerbating conditions such that the slippery floor posed a serious, unavoidable threat to plaintiff's safety. *See Frost v. Agnos*, 152 F.3d 1124, 1129 (9th Cir. 1998) ("[s]lippery floors without protective measures could create a sufficient danger to warrant relief" when an inmate alleges facts that exacerbate the danger resulting from such conditions; inmate using crutches had repeatedly fallen and injured himself on slippery shower floors); *Osolinski v. Kane*, 92 F.3d 934, 938 (9th Cir. 1996) (finding prisoner failed to plead any exacerbating conditions which rendered him unable to provide for his own safety).
>
> Plaintiff's allegations that he sustained an injury from a slip and fall demonstrate negligence at most. Although provided with the legal standards, Plaintiff has not pled any conditions that rendered him unable to provide for his own safety, preventing him from avoiding puddles or rendering him unable to perceive the slippery conditions. *Osolinski*, 92 F.3d at 938; *Mancinas v. Brown*, 2018 WL 1109673, at *2 (E.D. Cal. Mar. 1, 2018) (dismissing prisoner's § 1983 claim that known, ongoing leak caused puddle, resulting in slip and fall).

No. 1:17-cv-01276-DAD-BAM (PC), 2018 WL 2463855, at *3 (E.D. Cal. June 1, 2018) (alterations in original).

Plaintiff has not alleged exacerbating conditions. Therefore, he has not stated a claim that his constitutional rights were violated with respect to the leaks.[2]

## IV.   CONCLUSION AND RECOMMENDATIONS

The Court has screened Plaintiff's complaint and amended complaint and finds that they fail to state any cognizable claims.  The Court recommends that Plaintiff's first amended complaint be dismissed, with prejudice, for failure to state a claim.

The Court does not recommend granting further leave to amend because the Court provided Plaintiff an opportunity to amend his complaint with the benefit of the legal standards above, and Plaintiff filed an amended complaint.  However, Plaintiff's allegations do not state a claim, even when reading the first amended complaint in conjunction with the original complaint. Moreover, the allegations all concern a slip-and-fall, which courts have found not to provide the

---

[2] Plaintiff attached a form to his original complaint that he appears to have presented to the Government Claims Board. (ECF No. 1 at 6-9). In its first screening order, the Court provided the legal standards for negligence and advised Plaintiff that he needed to plead compliance with the Government Claims Act to state a claim for negligence. (ECF No. 7 at 7-8). Plaintiff did not assert a negligence claim in his first amended complaint, nor did he plead compliance with the Government Claims Act. Hence, the Court takes no position on the merits of a negligence claim, which would arise under state law.

basis of an Eighth Amendment claim. Thus, further amendment would be futile.

Accordingly, based on the foregoing, it is HEREBY RECOMMENDED that:

1. This action be dismissed with prejudice for failure to state a claim; and
2. The Clerk of Court be directed to close the case.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within twenty-one (21) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

In addition, it is HEREBY ORDERED that the Clerk of Court is respectfully directed to assign a district judge.

IT IS SO ORDERED.

Dated:   **July 21, 2020**                         /s/ Erica P. Grosjean
                                                          UNITED STATES MAGISTRATE JUDGE