UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL WALLACE,<br><br>        Plaintiff,<br><br>    v.<br><br>STEWART SHERMAN, et al.,<br><br>        Defendants. | Case No. 1:20-cv-00213-DAD-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL, WITHOUT PREJUDICE<br><br>(ECF NO. 10) |

   Darryl Wallace ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action filed pursuant to 42 U.S.C. § 1983.

   On August 13, 2020, Plaintiff filed a motion for appointment of pro bono counsel. (ECF No. 10). Plaintiff asks for appointment of counsel because he is unable to afford counsel; because his incarceration will greatly limit his ability to litigate; because the issues involved in this case are complex and will require significant research and investigation; because Plaintiff already had limited access to the law library due to being in the SHU; and that Plaintiff's access has been completely cancelled to prevent the spread of the coronavirus; and because Plaintiff has "literally no way to litigate without counsel."

   Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), withdrawn in part on other grounds, 154 F.3d 952

(9th Cir. 1998), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989).  However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved."  Id. (citation and internal quotation marks omitted).

The Court will not order appointment of pro bono counsel at this time.  The Court has entered a findings and recommendations, recommending that Plaintiff's complaint be dismissed for prejudice for failure to state a claim.  Thus, the Court finds that it is unlikely that Plaintiff will succeed on the merits.

Plaintiff is advised that he is not precluded from renewing his motion for appointment of pro bono counsel at a later stage of the proceedings.

For the foregoing reasons, IT IS ORDERED that Plaintiff's motion for appointment of pro bono counsel is DENIED without prejudice.

IT IS SO ORDERED.

Dated:   **August 11, 2020**               /s/ Erica P. Grosjean
                                           UNITED STATES MAGISTRATE JUDGE